IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20CV169-GCM

| | |
|---|---|
| RICHARD QUINN, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NORTH CAROLINA DEPARTMENT ) <br> OF HEALTH AND HUMAN SERVICES, ) <br> ) <br> Defendant. ) <br> ) | ORDER |

This matter is before the Court upon Defendant's Motion to Dismiss the Complaint. The Court entered a Roseboro notice on June 15, 2020 directing the *pro se* Plaintiff to file a response to Defendant's motion. After an extension of time the Plaintiff filed his response in the form of a "Motion to Quash Motion for Dismissal." (Doc. No. 10). The Defendant has filed a Reply and this matter is now ripe for disposition.

Plaintiff, who is proceeding *pro se*, filed his Complaint on March 19, 2020. (Doc. No. 1). The Complaint appears to challenge a child support order entered in the Wake County District Court. Specifically, Plaintiff states that he is seeking "relief from a fraudulent contract" that Defendant had him sign "unwittingly, thereby creating a debt that they can collect on by using court orders to enforce fraudulent debt and interest." (*Id.*) Plaintiff further states "that the Customer Services and the 45 CFR 302.34 contractors are under the executive branch. And, Constitutional challenge to a statute(s). And, a direct violation of my civil rights." (*Id.*).[1] The Complaint consists of numerous allegations which are difficult to discern and which contain few

---

[1] Plaintiff filed a largely identical claim against DHHS in 2019 (*Quinn v. NC DHHS*, 3:19-cv-00391-FDW-DCK). On January 22, 2020, the Honorable Frank D. Whitney entered an Order dismissing Plaintiff's claims for lack of subject matter jurisdiction.

1

facts. It appears that Plaintiff is alleging claims under 42 U.S.C. § 1983 and Title IV-D of the Social Security Act, as well as for conspiracy against rights under 18 U.S.C. 241, fraud, defamation, intentional infliction of emotional distress, and dissemination of false advertisements under 15 U.S.C. 52. Plaintiff seeks: (1) to have "the contract" ruled null and void, reflecting a zero balance owed; (2) to have his name removed from the child support database as delinquent and all credit bureaus as owing alleged debts; (3) a refund of all monies paid into the child support system as a result of "their illegal actions, coercion, conspiracy, and fraud. As well as time loss on my job, or loss of my job, the mental and emotional stress because of their illegal actions. And not informing me that child support is a voluntary process, not a contractual one that the State would mislead me to believe that it is"; (4) "$400,000 in damages, injury, oppression, fraud, etc."; (5) a court order prohibiting the State from garnishing his wages, savings account(s), checking account(s), or money market accounts, etc.; (6) a court order holding that threats to suspend his driver's license or revoke his passport are unconstitutional and a violation of his civil right to travel; and (7) a court order requiring the State to cease and desist garnishing his federal and state income taxes and wages to pay his child support obligation. (*Id*. at p. 12).

Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction pursuant Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant also moves to dismiss under Rules 12(b)(6), 12(b)(5), 8(a) and 9(b). Because the Court finds that it clearly lacks subject matter jurisdiction, it is unnecessary to address Defendant's other bases for dismissal.

Under Rule 12(b)(1), the party asserting subject matter jurisdiction has the burden to prove its existence, regardless of the allegations in his complaint. *See e.g. KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936). A motion to dismiss for lack of jurisdiction may test

the legal sufficiency of the allegations to support jurisdiction, or the motion may contest the facts alleged to support jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

While courts must liberally construe *pro se* complaints, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs*., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate.").

Defendant correctly contends that it is immune from suit under the Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity. The States' immunity from suit is sometimes referred to as Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. However, "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999). Rather, "States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution." *Id*. The Eleventh Amendment "confirmed . . . sovereign immunity as a constitutional principle," *id*. at 728-29, and is "but an example of state sovereign immunity." *Stewart v. North Carolina*, 393 F. 3d 484, 488 (4th Cir. 2005). Given this sovereign immunity, the Supreme Court "has held that the Constitution bars suits against nonconsenting States in a wide range of cases." *Franchise Tax Bd. of Cal. v. Hyatt*, 139 S. Ct. 1485, 1496 (2019). This immunity extends to governmental entities that are considered "arms of

the State" for Eleventh Amendment purposes, such as a state agency. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

DHHS is a statutorily-created principal department contained within the executive branch of the State of North Carolina. Any money damages awarded against it would be drawn from the state treasury. *See* N.C.G.S. §§ 143B-6 and 143C-6-8(a). Therefore, any claim against DHHS is a claim against the State of North Carolina.

While it is true that the State may waive its sovereign immunity from suit in federal court, Plaintiff does not allege any such waiver and none exists. Additionally, Congress may abrogate a state's sovereign immunity and authorize suits against it for damages. *See In Re: Secretary of the Dep't of Crime Control & Public Safety*, 7 F.3d 1140, 1149 (4th Cir. 1993) (§ 1983 does not abrogate a state's sovereign immunity).

The Supreme Court has held that in passing Section 1983 Congress did not intend to abrogate state sovereign immunity. *Will*, 491 U.S. 58, 66-68 (1989); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Nor does Title IV-D of the Social Security Act (42 U.S.C. 651 *et seq*.) abrogate a state's sovereign immunity. *Jenkins v. Messinga*, 592 F. Supp. 480, 494 n. 12 (D. Md. 1984) (stating that Title IV-D of the Social Security Act, i.e., the federal child support law, does not abrogate a State's sovereign immunity). In *Blessing v. Freestone*, 520 U.S. 329, 332 (1997), the Supreme Court held that "Title IV-D does not give individuals a federal right to force a state agency to substantially comply with Title IV-D." Since then, multiple federal appellate courts have echoed the Supreme Court's sentiments, holding that there is no private right of action as to other portions of Title IV-D's statutory scheme. *See*, *e.g.*, *Sheetz v. Norwood*, 608 F. App'x 401, 405 (7th Cir. 2015) ("[Plaintiff] gives us no reason to reach the conclusion that Title IV-D and CAPTA create private rights."); *Cuvillier v. Sullivan*,

4

503 F.3d 397, 404-05 (5th Cir. 2007) (concluding that no federal right to child support payments was created by 42 U.S.C. §§ 651, 652(a)(1), (h), 654(4)(B), (13)); *Hughlett v. Romer-Sensky*, 497 F.3d 557, 562-63 (6th Cir. 2006) (rejecting plaintiff's argument that, read together, § 657(a)(3) and § 654b(c)(1) create private right); *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (holding that "§ 657 does not confer a private right to distribution of child support payments enforceable under § 1983"). Because Title IV-D does not create a private right of action, Plaintiff cannot raise a Title IV-D claim in this case.

Finally, North Carolina has not consented to suit or otherwise waived sovereign immunity for claims arising out of intentional torts. *Stewart*, 393 F.3d at 490 (citing *Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill*, 567 S.E.2d 215, 218 (N.C. 2002)). Pursuant to the Eleventh Amendment and the doctrine of sovereign immunity, Plaintiff's claims must be dismissed.

In addition to the issue of sovereign immunity, "[f]ederal courts have no general power to compel action by state courts. Nor do [they] have jurisdiction to review state court orders." *In re Austin*, 8 F. App'x 253, 254 (4th Cir. 2001) (per curiam) (citations omitted); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("As we have noted . . . a United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Accordingly, Plaintiff's attempt to collaterally attack the valid court order entered in Wake County District Court must fail. Plaintiff could have appealed the order to the North Carolina Court of Appeals, but failed to do so. A state court order is "effective and conclusive" and remains so unless it is set aside, reversed or modified through a timely motion or the appropriate appellate process. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). This Court does not have subject matter jurisdiction to review Plaintiff's child support order.

5

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is hereby GRANTED and this case is dismissed with prejudice.

Signed: August 4, 2020

Graham C. Mullen
United States District Judge